UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:14-CR-033 |
| | ) |
| JOSEPH BENNETT | ) |

## MEMORANDUM AND ORDER

The defendant pled guilty to conspiring to distribute 280 grams or more of cocaine base. He will be sentenced on September 22, 2015. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 124], to which the defendant has filed five objections. For the reasons that follow, those objections will be overruled.

I.

*Objection One*

On page 3, the PSR states that the defendant has "No High School Diploma or GED." By his first objection, "the Defendant says that he did graduate from Woodland High School, Greenburg, New York."

Paragraph 71 of the PSR states in material part,

Defendant Bennett stated he graduated from White Pines High School, White Plains, New York, in 2001 or 2002. No records have been received from this school; however, information from a Presentence Report completed by the Tennessee Board of Probation and Parole reflects information from this school indicating the defendant completed the 11th grade in 2002, with 9 hours, and that "20.5 units of credit" are needed for a high school diploma.

It is apparent that the probation officer in this case has referenced all available documented information pertaining to the defendant's education. The defendant has not supported his objection with any additional documentation such as a diploma or records from Woodland High School. Further, this issue does not impact the defendant's advisory guideline range and will not be considered at sentencing. The defendant's first objection is therefore moot. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

II.

*Objection Two*

Within the "Offense Conduct" section of the PSR, paragraph 15 contains information provided by the United States Attorney's Office. Specifically, statements of a coconspirator and a purported drug customer – pertaining to the defendant's crack cocaine distribution - are summarized.

By his second objection, the defendant "insists that those assertions by them [in paragraph 15] are simply not true." In light of the defendant's objection, and absent further proof on this issue by the United States, the court finds it unnecessary to consider paragraph 15 of the PSR in reaching a sentencing decision. The issue is accordingly moot. *See* Fed. R. Crim. P. 32(i)(3)(B).

III.

*Objection Three*

At paragraph 33, the PSR assigns one criminal history point for a 2002 New York conviction for possession of marijuana. The defendant objects that no criminal history

2

point should be assigned because his only punishment was a fine of $100.00. In support of his objection, the defendant cites part of guideline 4A1.1's Application Note 4:

> For the purposes of this subsection, a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply. For example, a term of unsupervised probation would be included but a sentence to pay a fine, by itself, would not be included.

U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n.4 (2014).

The defendant's reliance on Application Note 4 is misplaced. The quoted language is restricted to "the purposes of this subsection." As shown by its caption, Application Note 4 is a commentary pertaining only to guideline subsection 4A1.1(d). *See id.* Under that guideline, two points are added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Guidelines Manual § 4A1.1(d).

Paragraph 33 of the instant PSR does not assign two points in relation to a "criminal justice sentence" under § 4A1.1(d). Instead, it assigns one point under § 4A1.1(c) for a "prior sentence." Therefore, Application Note 4's definition of what is and is not a "criminal justice sentence" for purposes of § 4A1.1(d) is irrelevant.

Similarly irrelevant are sections 4A1.1(a) and (b) which assign criminal history points for prior "sentences of imprisonment." Again, paragraph 33 of the instant PSR adds one criminal history point under section 4A1.1(c) for a "prior sentence" – not a

3

"sentence of imprisonment" or a "criminal justice sentence." The relevant sections and commentary are therefore those which define "prior sentence."

"The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S. Sentencing Guidelines Manual § 4A1.2(a)(1). Application Note 4 to § 4A1.2 explains that a sentence "which specifies a fine is . . . treated as a non-imprisonment *sentence*." *Id.* cmt. n.4 (emphasis added). A criminal history point is appropriate under § 4A1.1(c) even if the "sentence" was only a fine. *See, e.g., United States v. Stewart*, 391 F. App'x 490, 497-98 (6th Cir. 2010); *United States v. Davis*, 155 F. App'x 852, 855 (6th Cir. 2005). The defendant's third objection will therefore be overruled.

IV.

*Objection Four*

At paragraph 34, the PSR assigns two criminal history points pursuant to guideline § 4A1.1(a) for a 15-month term of imprisonment imposed by the Criminal Court of Sullivan County, Tennessee. The defendant objects that

> [b]ecause he was released on probation in less than twelve (12) months and the balance of his incarceration was suspended, he should only receive two (2) criminal history points for his conviction pursuant to § 4A1.1(b). Sentencing Guideline 4A1.2(b)(2) provides that "If a part of a sentence of imprisonment was suspended, [']sentence of imprisonment['] refers only to the portion that was not suspended.

The court has reviewed the state court documentation provided by the probation office regarding the disputed conviction at paragraph 34. On November 1, 2006, a judge

4

of the Sullivan County Criminal Court imposed a 15-month sentence following the defendant's guilty plea to a charge of reckless endangerment. On January 19, 2007, the <u>State of Tennessee Board of Probation and Parole</u> released the defendant to a term of probation.

Under § 4A1.1(a), three points are added "for each prior sentence of imprisonment exceeding one year and one month." U.S. Sentencing Guidelines Manual § 4A1.1(a). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." *Id.* § 4A1.2(b)(1). "The term 'suspended sentence' in § 4A1.2(b)(2) 'refer[s] to the authority *of a court* to suspend a sentence, *not a government agency*." *United States v. Brothers*, 209 F. App'x 460, 463 (6th Cir. 2006) (emphasis in original) (quoting *United States v. Harris*, 237 F.3d 585, 589 (6th Cir. 2001)).

The Sullivan County Criminal Court imposed a sentence of 15 months, which plainly exceeds one year and one month. Three criminal history points are therefore correctly assigned under § 4A1.1(a). The state board's decision to subsequently release the defendant to probation is of no import. *Brothers*, 209 F. App'x at 463. The defendant's fourth objection will be overruled.

V.

*Objection Five*

At paragraph 50, the PSR assigns two criminal history points pursuant to guideline § 4A1.1(b) for a six-month sentence imposed by the Criminal Court of Greene County, Tennessee. The defendant was sentenced to six months' imprisonment for driving on a revoked license. The Greene County Criminal Court suspended that sentence to 10 days'

5

imprisonment to be followed by probation. The defendant's probation was subsequently revoked and the original sentence was reinstated. The defendant objects

> to Paragraph 50 which finds that he should be assigned two (2) criminal history points for his conviction on May 27, 2011, because it is a conviction for driving on a revoked license, and it was not a sentence for a term of probation of more than one (1) year or a term of imprisonment of at least thirty (30) days. See Sentencing Guideline § 4A1.2(c)(1). In addition, the Defendant insists that his probation in that case was revoked only because he was unable to make a monetary payment of a financial obligation. Any failure to report by him was because he did not have the funds with which to pay his financial obligation. Therefore, the Defendant should not be assigned any criminal history points for this prior conviction.

The defendant is incorrect. First, he did receive a sentence for a term of imprisonment of at least 30 days (for purposes of § 4A1.2(c)(1)) and of at least 60 days (for purposes of § 4A1.1(b)). "In the case of a prior revocation of probation, . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." U.S. Sentencing Guidelines Manual § 4A1.2(k)(1).

The defendant's probation was revoked and the original six-month sentence was reinstated, resulting in a prior term of imprisonment of six months. *See id.* The PSR therefore correctly counts his sentence for driving on a revoked license under § 4A1.2(c)(1) and correctly assigns two criminal history points pursuant to § 4A1.1(b).

Next, the defendant cites no authority for the proposition that a revocation sentence cannot be counted if it resulted from nonpayment of financial obligations. In any event, the court has reviewed the state court documentation pertaining to this conviction and revocation. The defendant's probation was revoked not only for

Case 2:14-cr-00033-RLJ-MCLC   Document 139   Filed 09/16/15   Page 6 of 7   PageID #: 736

nonpayment of court costs and supervision fees but also for failure to meet with his probation officer and for failure to complete community service. The defendant's fifth objection will be overruled.

## VI.

### *Conclusion*

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED** in their entirety. Sentencing remains set for September 22, 2015, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge